IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME MCINTYRE, | : | |
| Plaintiff, | : | 1:14-cv-1425 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| LT. KELLINGER, | : | |
| Defendant. | : | |

### **MEMORANDUM**

### **February 24, 2017**

Plaintiff Jerome McIntyre ("McIntyre" or "Plaintiff"), a Pennsylvania state inmate, incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview") at all times relevant, commenced this civil rights action on July 24, 2014, against Defendant Lt. Kellinger.  (Doc. 1).  Defendant "Kellinger" has been identified as former employee of the Pennsylvania Department of Corrections ("DOC"), Lieutenant Paul Kensinger.  (Doc. 34, p. 1).  Presently pending is a Defendant Kensinger's motion (Doc. 31) seeking summary judgment pursuant to Federal Rule of Civil Procedure 56, on certain counts of the complaint.

For the reasons set forth below, Kensinger's motion for summary judgment will be granted with respect to Counts I and IV of the complaint.  Counts II and III of the complaint name Kensinger and "unknown prison officials."  (Doc. 1, pp. 17-19).  These prison officials have not been identified and, consequently, have not

been served. Review of these counts reveals that it is appropriate to dismiss them pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). Lastly, The Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims contained in Counts V-VIII. (*Id.* at 22-25).

I.   **MOTION FOR SUMMARY JUDGMENT**

   A.   **Standard of Review**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.*; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United*

*Brotherhood of Carpenters and Joiners of America*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. FED. R. CIV. P. 56; *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *Wooler v. Citizens Bank*, 274 F. App'x 177, 179 (3d Cir. 2008). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex.* at 323; *see also Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992). "[T]he non-moving party 'may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial.'" *Picozzi v. Haulderman*, 2011 WL 830331, *2 (M.D. Pa. 2011) (quoting FED. R. CIV. P.

56(e)(2)). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of North America. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

### B.    Statement of Material Facts

McIntyre alleges that, on April 22, 2013, he was walking out of the dining hall at lunch time when another inmate told him that a corrections officer in the booth wanted to speak with him. (Doc. 32, ¶ 1; Doc. 42, ¶ 1). The corrections officer, Defendant Kensinger, asked McIntyre where he was going. (*Id.* at 2, 3; *Id.* at 2, 3). McIntyre told Kensinger that he had forgotten his identification in his cell. (*Id.* at 4: *Id.* at 4). Kensinger asked McIntyre if he had anything on him that was contraband and McIntyre responded in the negative. (*Id.* at 5; *Id.* at 5). Kensinger then ordered McIntyre to turn around so that he could conduct a pat search. (*Id.* at 6; *Id.* at 6). Kensinger first searched McIntyre's arms and possibly his neck and the collar of his shirt. (*Id.* at 7; *Id.* at 7). As Kensinger continued the pat search, he "dragged his hands down Plaintiff's ass, gripped Plaintiff's ass, then whispered in a sexual manner, closely in Plaintiff's ear, saying 'You got anything in there?'" (*Id.* at 8; *Id.* at 8). McIntyre alleges that Kensinger "squeezed [his] ass

as if [he] was a female." (*Id.* at 9; *Id.* at 9).  Kensinger then "gave a little pat on Plaintiff's thighs, and told [him] he was free to leave."  (*Id.* at 11; *Id.* at 11).  McIntyre did not possess contraband.  (*Id.* at 12; *Id.* at 12).

### C.   Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.  *See* 42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.; see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendant seeks summary judgment on the ground that the isolated incident alleged by McIntyre is insufficient to establish an Eighth Amendment violation.  (Docs. 34, 45).  McIntyre vehemently argues that the pat down search violated his Eighth Amendment rights.  (Docs. 41, 46).  To survive summary judgment on an

Eighth Amendment challenge to a prison condition, a plaintiff must produce sufficient evidence establishing that: (1) he was incarcerated under conditions posing a substantial risk of serious harm (an objective inquiry), which " 'may be established by much less than proof of a reign of violence and terror,' but requires more than a single incident or isolated incidents;" (2) the prison official-defendant acted with deliberate indifference to the substantial risk to the plaintiff's health and safety (a subjective inquiry); and, (3) the prison official's deliberate indifference caused the plaintiff harm. *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825, 834; *Hamilton v. Leavy*, 117 F.3d 742, 746).

A punishment is cruel and unusual under the Eighth Amendment when it inflicts unnecessary and wanton pain, including those that are totally lacking in penological justification, *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981), and those which evince "calculated harassment unrelated to prison needs." *Hudson v. Palmer*, 468 U.S. 517, 530, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).  " 'A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment.' " *Banks v. Rozum*, 639 F. App'x 778 (3d Cir. 2016) (quoting *Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015)).

However, a routine pat-down search, which includes the groin area, is a constitutional method of ensuring prison security. *See Grummett v. Rushen*, 779 F.2d 491, 495 (9th Cir.1985) (finding that "routine pat-down searches, which include the groin area, and which are otherwise justified by security needs" do not violate the Constitution); s*ee Wolfe v. Beard*,  No. 10-2566, 2013 WL 2370572, at *12 (E.D. Pa. May 31, 2013) (concluding that "[t]he Court's legal conclusion that [defendant's] search did not violate the Eighth Amendment is bolstered by the fact that other courts within this circuit have determined that a frisking officer's contact with an inmate's genitals or private areas during a single pat-down search is insufficient to constitute an Eighth Amendment violation.") (citations omitted); *see also Bradley v. United States*, 299 F.3d 197 (3d Cir. 2002) (upholding pat-down search by female customs inspector of female passenger at customs checkpoint where passenger alleged that inspector inappropriately touched her genitals through her dress); *Watson v. Beard*, No. 09–087J, 2013 WL 4648323, *9–10 (W.D. Pa. Aug. 28, 2013), aff'd on other grounds, 558 F. App'x. 141 (3d Cir. 2014) (upholding pat-down search through clothing that included the groin area).

In order to constitute an Eighth Amendment claim, the incidents complained of must be "sufficiently serious" or "cumulatively egregious in the harm they inflicted." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997).  "Isolated episodes of harassment and touching . . . are despicable and, if true, they may

potentially be the basis of state tort actions.  But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court." *Obiegbu v. Werlinger*, 511 F. App'x 119, quoting *Boddie*, 105 F3d at 861.  *See also, Williams v. Silverman*, No. 12–0974, 2013 WL 6578980, *4 (E.D. Pa. Dec. 16, 2013) (collecting cases) (dismissing with prejudice claim alleging one instance of inappropriate touching during a pat-down search); *Hughes v. Smith*, 237 F. App'x 756, 759 (3d Cir. 2007) (affirming dismissal of Eighth Amendment claim alleging an officer touched plaintiff's testicles through his clothing during a single pat-down frisk); *Watson v. Beard*, No. 09–087J, 2013 WL 4648323, *9–10 (W.D. Pa. Aug. 28, 2013) (collecting cases), aff'd on other grounds, 558 F. App'x 141 (3d Cir. 2014);  *Banks v. Rozum*, No. 14-27J, 2015 WL 1186224, at *13 (W.D. Pa. Mar. 13, 2015) (collecting cases).

McIntyre challenges a single pat-down search for contraband, conducted while fully clothed, during which a correctional officer squeezed his buttocks and inquired as to whether he had "anything in there."  (Doc. 1).  This was an isolated episode of harassment and touching, unaccompanied by other inappropriate behavior and did not violate McIntyre's Eighth Amendment rights.  McIntyre must raise "more than a mere scintilla of evidence in [his] favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions.  *Williams v. Borough of W.*

*Chester*, 891 F.2d 458, 460 (3d Cir. 1989).  Although he repeatedly indicates that there is video-taped footage of the incident that would support his position, Defendant unequivocally represents that no such video exists. (Doc. 41; Doc. 45, p. 3). McIntyre fails to come forth with any credible evidence that would indicate that Defendant violated his Eighth Amendment rights.[1] As such, Defendant is entitled to an entry of summary judgment on Counts I and IV.

## II.    28 U.S.C. §1915(e)(2)(B)(ii)

### A. Standards of Review

Section 1915(e)(2)(B) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that the action "(I) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit." 28 U.S.C. §1915(e)(2)(B)(i) - (iii).  The applicable standard of review for the failure to state a claim provision is the same as the standard for a motion pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236

---

[1] McIntyre seeks a litany of photographs, video tapes, reports, recorded statements, eyewitness reports, *inter alia*, to support his Eighth Amendment claim. (Doc. 41, pp. 16-19). However, the discovery period in this case closed on March 4, 2016. (Doc. 24). There is no indication that Plaintiff sought this information during the discovery period and he did not seek any relief or assistance from the Court *via* a motion to compel.

(1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 334 F. App'x , 454, 456 (3d Cir. 2009) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A district court ruling on a motion to dismiss generally "relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "First, the factual and legal elements of a claim should be separated." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Second, the court must then determine whether the complaint states a plausible claim for relief, which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 211 (citing *Iqbal*, 556 U.S. at 679); *see also* 28 U.S.C. § 1915A(b) (directing the court to identify cognizable claims and to dismiss any portion of the complaint that fails to state a claim). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679; Fed. R. Civ. P. 8(a)(2).

### B. Allegations of the Complaint

In Count II, McIntyre alleges that Defendant Kensinger and "unknown prison officials" "participated in a conspiracy to engage in the unlawful and vicious assault upon Plaintiff…" (Doc. 1, p. 17). He alleges that it was an "express or implied agreement among Defendant Kellinger [sic], Unknown Prison Officials, to deprive [him] of his rights." (*Id.*) He also references a "common venture." (*Id.* at 18).

In Count III, he alleges that the unknown prison officials failed to intervene in the assault and unlawful conduct and, in doing so, acted in wanton disregard of his safety and constitutional rights. (*Id.* at 19).

### C. Discussion

#### 1. Conspiracy

In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992); *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989); *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989). A civil rights conspiracy claim requires allegations detailing the following: (1) the conduct that violated the plaintiff's rights, (2) the time and the place of the conduct, and (3)

the identity of the officials responsible for the conduct.  *Oatess v. Sobolevitch*, 914 F.2d 428, 432 n.8 (3d Cir. 1990).  *See also, Colburn v. Upper Darby Twp.*, 838 F.2d 663 (3d Cir. 1988).

The essence of a conspiracy is an agreement or concerted action between individuals.  *See D.R. by L.R.,* 972 F.2d at 1377; *Durre*, 869 F.2d at 545.  A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right.  *See id.; Rose*, 871 F.2d at 366.  Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity.  *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985).  A plaintiff cannot rely on subjective suspicions and unsupported speculation. *Young v. Kann*, 926 F.2d 1396, 1405 n.16.

The complaint is devoid of specific facts that tend to show that Defendant Kensinger and unknown prison officials reached some understanding or agreement or plotted, planned and conspired to engage in unlawful conduct.  The claim is therefore subject to dismissal.

      2.     <u>Failure to Intervene</u>

A law enforcement officer is directly liable under Section 1983 if such officer, "whether supervisory or not, fails or refuses to intervene when a constitutional violation ... takes place in his presence." *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir.2002). "However, an officer is only liable if there is a realistic and reasonable opportunity to intervene." *Smith*, 293 F.3d at 651.

This count necessarily hinges on the determination that McIntyre suffered an underlying constitutional violation. Because the Court has concluded that no such violation occurred, McIntyre is fails to state a failure to intervene claim.

    **D.**    **Leave to Amend**

Plaintiff moves (Doc. 44) to amend his complaint. The Court recognizes that the sufficiency of this *pro se* pleading must be construed liberally in favor of McIntyre, even after *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89 (2007). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). A careful review of the complaint dictates that

McIntyre, even affording him all the liberalities that accompany his *pro se* status, fails to state either a conspiracy or failure to intervene and, given the Court's determination that McIntyre did not suffer an underlying constitutional violation, the legal and factual deficiencies in the complaint render the pleading incurable. Therefore, affording him leave to amend would be futile.

### III. STATE LAW CLAIMS

District courts may decline to exercise supplemental jurisdiction where:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1–4). Since the claims that form the basis of this Court's jurisdiction under 42 U.S.C. § 1983 will be dismissed, the court declines to exercise supplemental jurisdiction over McIntyre's state law claims fount at Counts V-VIII.

### IV. CONCLUSION

Based on the above, Defendant's motion (Doc. 31) for summary judgment will be granted with respect to Counts I and IV. Counts II and III will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). The Court will decline to

exercise supplemental jurisdiction over the state law claims found at Counts V-VIII.

A separate order will enter.